George M. Fanelli, J.
This is a motion by defendant, the Village of Port Chester, to dismiss the complaint for legal insufficiency because of plaintiff’s failure to allege in the complaint that written notice of the alleged defect was given to defendant prior to the occurrence of the accident in accordance with the demands of section 16 of title 7 of the village charter, enacted on January 18,1954, which provides as follows: “ No civil action shall be brought or maintained against the Village of Port Chester for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed, unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the Board of Trustees of the Village of Port Chester, and there had been a failure or neglect on the part of said village to cause such condition to be corrected, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice.”
Plaintiff concedes that no such prior written notice was actually given and that the complaint does not so allege. The sole ground urged by plaintiff, however, in opposition to the motion is that the personal injuries were sustained by her as the result of a defective “ curb or curbing” maintained by defendant village and not as the result of a defective sidewalk or defective street. It is plaintiff’s further contention that a curb is not part of either a sidewalk or street, but is a separate entity dividing the two and that defendant’s charter requires a prior written notice of defect only in the case of a defective sidewalk or street and not in the case of a defective curb.
With this latter contention, the court wholly disagrees. Such a construction of the statute in question is strained, unrealistic and impractical. The curb, in the opinion of the court, is the boundary line between the sidewalk and the street and as such it is part of either the sidewalk or the street and thus comes within the provisions of the subject statute. There are many instances in our highways where the curb is the outer edge of the sidewalk, and there are other instances where the curb is part of the street itself as where a marginal plot or strip of land separates the curb from the sidewalk.
*54 Section 2 of the Vehicle and Traffic Law contains the following definitions:
“ 3. ‘ Street ’ or ‘ roadway ’ shall include that part of the public highway intended for vehicular travel
“ 4. * Curb ’ shall include the boundaries of the roadway, whether marked by curbstone or not so marked
“26. ‘ Sidewalk ’ shall mean that portion of a public highway outside of the street or roadway, used or set aside for the use of pedestrians ”.
The fact that the defect which caused the instant injuries was in the “ curb or curbing” does not, in this court’s view, remove the action from the requirements of the statute that written notice of the defective condition of the ‘ ‘ street, highway, bridge, culvert, sidewalk or crosswalk ” be given prior to the accident.
The motion is accordingly granted and the complaint is dismissed. Submit order on notice.