■ DARLENE TESSIER, an Infant, by PAULA TESSIER, Her Mother and Natural Guardian, et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and JOSEPH G. TROISI, Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant Joseph G. Troisi appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated February 16, 1990, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Troisi, and the action against the remaining defendants is severed.

It is well settled that a movant for summary judgment must make a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324), and the opposing party must "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" *(Zuckerman v City of New York,* 49 NY2d 557, 562). In the case at bar, the appellant showed that he was not present at any time during the plaintiff mother's labor or delivery, nor did he advise that any action be taken in connection with the delivery of the infant plaintiff. He also showed that, although he was "on-call", he was contacted only once by the attending physician some 10 minutes prior to the delivery of the infant plaintiff by caesarean section. Moreover the plaintiff mother, in response, submitted no affidavit of an expert indicating how the appellant's action or inaction contributed in any way to the conditions which the plaintiffs

allege resulted from malpractice. In such circumstances, the court erred in denying summary judgment to the appellant (see, Latiff v Wyckoff Hgts. Hosp., 144 AD2d 650). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.