■ VANDA FORTE, as Executrix of MILTON GOODRIDGE, Deceased, Respondent, v FRANKLIN GENERAL HOSPITAL, Appellant.—In an action, *inter alia,* to recover damages for personal injuries arising from medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated September 12, 1990, which (1) denied its motion for a further examination before trial of the plaintiff, and (2) granted so much of the plaintiff's cross motion as was for summary judgment on the issue of liability with respect to the cause of action to recover damages for personal injuries.

Ordered that the appeal from so much of the order as denied the defendant's motion for a further examination before trial of the plaintiff is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The denial of the defendant's motion for a further deposition of the plaintiff concerning questions objected to at her examination before trial is not appealable as a matter of right *(see, Stoller v Moo Young Jun,* 118 AD2d 637; *Muller v Sorensen,* 138 AD2d 683; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500), and we decline to grant the defendant leave to appeal from that portion of the order *(see, Roberts v Modica,* 102 AD2d 886; *Sainz v New York City Health & Hosps. Corp., supra).*

Viewing the evidence in a light most favorable to the party opposing the summary judgment motion *(see, Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610), we find that summary judgment was properly granted as to the personal injuries cause of action. The plaintiff's affidavits, as well as hospital documentation contained in the record, establish that the defendant's employee administered type A blood to the plaintiff's decedent who had type O blood. This mismatched blood transfusion caused acute renal failure which necessitated hemodialysis treatment. These facts establish that the defendant "deviate[d] from good and accepted medical practices" *(Winegrad v New York Univ. Med. Ctr.,* 64

NY2d 851, 853) which proximately caused the plaintiff's decedent's injuries, resulting in his pain and suffering. Since the defendant failed to demonstrate by admissible evidence the existence of a factual issue requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557), summary judgment as to the personal injuries cause of action was proper *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Tessier v New York City Health & Hosps. Corp.,* 177 AD2d 626). Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.