■ CAROLYN LEE, Appellant, v CITY OF NEW YORK et al., Defendants, and D & C PARKING, Respondent. [762 NYS2d 269] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated July 22, 2002, as granted that branch of the motion of the defendant D & C Parking which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court is afforded wide latitude with respect to determining whether good cause exists for permitting late motions, and it may, as here, entertain belated but meritorious motions in the interest of judicial economy, even on the eve of trial (*see Quinlan v Kaufman,* 258 AD2d 453 [1999]), where the opposing party fails to demonstrate prejudice (*see Luciano v Apple Maintenance & Servs.,* 289 AD2d 90 [2001]; *Samuel v A.T.P. Dev. Corp.,* 276 AD2d 685, 686-687 [2000]; *Goodman v Gudi,* 264 AD2d 758 [1999]; *Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778, 779-780 [1998]). Under the unique circumstances of this case, the Supreme Court properly exercised its discretion in allowing the defendant D & C Parking to make a belated motion for summary judgment (*see Quinlan v Kaufman, supra; Goodman v Gudi, supra*).

D & C Parking demonstrated its prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The plaintiff's testimony at her deposition and at the first trial, which was aborted by her misconduct, established that she tripped and fell on a public sidewalk directly adjacent to the driveway of the premises owned by D & C Parking, the abutting landowner. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff failed to demonstrate that the special use of the sidewalk by D & C Parking created the defect which proximately caused her to fall (*see Ivanyushkina v City of New York,* 300 AD2d 544 [2002]; *Salas v City of Yonkers,* 294 AD2d 419, 420 [2002]; *Moschillo v City of New York,* 290 AD2d 260 [2002]; *Benenati v City of New York,* 282 AD2d 418, 419 [2001]; *Solarte v DiPalmero,* 262 AD2d 477 [1999]; *Waldron v City of New York,* 260 AD2d 471, 472 [1999]; *Winberry v City of New York,* 257 AD2d 618, 619 [1999]; *Rubenstein v DeGeorgio,* 236 AD2d 383 [1997]).

We do not address the plaintiff's remaining contention, as it is improperly raised for the first time on appeal. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.