In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (O’Connell, J.), dated August 12, 2002, which denied its motion to reject the determination of a referee ending discovery and confirmed the determination, (2) from so much of an order of the same court dated October 18, 2002, as granted the motion of the defendants Riteway AV Corp., doing business as Ultratek Computer and Communications, and Michael Takacs, and the separate motions of the defendant Kinga Agoston and the defendant Matt Guttler for summary judgment dismissing the complaint insofar as asserted against them and awarding the defendants attorneys’ fees, costs, and disbursements, and (3) from an order of the same court dated January 9, 2003, which denied its motion, denominated as one for leave to renew and/or reargue, but which was, in actuality, one for leave to reargue.
Ordered that the appeal from the order dated January 9, 2003, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
Ordered that the order dated August 12, 2002, is affirmed; and it is further,
Ordered that the order dated October 18, 2002, is modified, on the law, by deleting the provision thereof awarding the respective defendants attorneys’ fees, costs, and disbursements; as so modified, the order is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
*566 Contrary to the plaintiff’s contention, the Supreme Court properly found that two of the causes of action were preempted by the Federal Copyright Act (see 17 USC §§ 101, 102, 301; see also 28 USC § 1338 [a]; Harms Co. v Eliscu, 339 F2d 823 [1964], cert denied 381 US 915 [1965]). Moreover, the Supreme Court properly determined that no issue of fact sufficient to defeat summary judgment was presented by the plaintiff in opposition to the defendants’ respective showings of entitlement to judgment as a matter law (see Gus v Town of N. Hempstead, 174 AD2d 649 [1991]).
We do, however, agree with the plaintiffs contention that the Supreme Court erred in awarding the defendants attorneys’ fees, costs, and disbursements pursuant to 22 NYCRR 130-1.1. There was no showing that the plaintiff was given notice that any of the defendants were seeking attorneys’ fees, costs, and disbursements pursuant to this regulation, nor does it appear that the plaintiff was given an opportunity to be heard on this issue prior to the Supreme Court’s awarding of those items. This was a clear violation of 22 NYCRR 130-1.1 (d). Thus, we modify the Supreme Court’s order dated October 18, 2002, by deleting the provision thereof awarding such fees, costs, arid disbursements.
The Supreme Court has broad discretion to supervise disclosure in this action, and it providently exercised that discretion in confirming the referee’s determination terminating discovery (see Eber Bros. Wine & Liq. Corp. v Ribowsky, 266 AD2d 499 [1999]; Kamhi v Dependable Delivery Serv., 234 AD2d 34 [1996]).
With respect to the order dated January 9, 2003, the Supreme Court properly determined that the plaintiffs supposedly new evidence was previously available, and that the plaintiff gave no reasonable excuse as to why this evidence was not previously submitted in opposition to the original motions (see CPLR 2221 [e] [3]; Holmes v Hanson, 286 AD2d 750 [2001]; Cong. Bais Rabbenu v 26 Adar N.B. Corp., 282 AD2d 642 [2001]). Therefore, the plaintiffs motion was, in effect, one for leave to reargue, the denial of which is not appealable (see Holmes v Hanson, supra).
The plaintiff’s remaining contentions are without merit. Florio, J.E, Friedmann, H. Miller and Mastro, JJ., concur.