■ EVELYN A. CARTER, Respondent, v 73 CRANBERRY STREET, INC., et al., Appellants, et al., Defendants. [796 NYS2d 681]—

In an action to recover damages for personal injuries, the defendants 73 Cranberry Street, Inc., and John S. Ansted appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 20, 2004, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants is granted, the complaint is dismissed

insofar as asserted against the appellants, and the action against the remaining defendants is severed.

"To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Jeanty v Benin*, 1 AD3d 566, 567 [2003]; *see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Roman v City of New York*, 6 AD3d 691 [2004]; *Devine v City of New York*, 300 AD2d 532, 533 [2002]).

The plaintiff tripped and fell on a loose bluestone sidewalk flag that allegedly became dislodged due to the installation of a vertical rolling metal gate on the appellants' premises. No violation of a statute or ordinance is alleged. Moreover, even assuming that the gate constituted a special use of the sidewalk, after the appellants made a prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the gate created the defect which caused her to fall (*see Roman v City of New York, supra; Lee v City of New York*, 307 AD2d 256, 257 [2003]; *Ivanyushkina v City of New York*, 300 AD2d 544, 545 [2002]; cf. *Tate v Freeport Union School Dist.*, 7 AD3d 695 [2004]; *Vyadro v City of New York*, 2 AD3d 519 [2003]). Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.