■ BETTY REICH et al., Appellants, v ARTHUR MELTZER et al., Respondents. [800 NYS2d 593]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Levine, J.), dated October 1, 2004, which, upon an or-

der of the same court dated August 13, 2004, granting the motion of the defendants Arthur Meltzer and Jennifer Meltzer for summary judgment dismissing the complaint insofar as asserted against them and the separate motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

"An owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition" (*Lehner v Boyle*, 7 AD3d 677 [2004]). "To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Jeanty v Benin*, 1 AD3d 566, 567 [2003]; *see Carter v 73 Cranberry St., Inc.*, 18 AD3d 795, 796 [2005]). Here, the defendants Arthur Meltzer and Jennifer Meltzer established their prima facie entitlement to summary judgment by demonstrating that they neither created the defective condition nor caused it to occur through a special use of the public sidewalk. No violation of a statute or ordinance was alleged. Moreover, the plaintiffs failed to demonstrate that the alleged special use (a 5.05-foot encroachment of the plaintiffs' premises onto public property) was a proximate cause of the accident (*see Lee v City of New York*, 307 AD2d 256, 257 [2003]; *Yee v Chang Xin Food Mkt.*, 302 AD2d 518, 519 [2003]; *Ivanyushkina v City of New York*, 300 AD2d 544 [2002]; *Savage v Shah*, 297 AD2d 795, 796 [2002]; *Blum v City of New York*, 267 AD2d 341, 342 [1999]; *cf. Moscato v City of New York*, 16 AD3d 470 [2005]).

The plaintiffs also failed to provide the defendant City of New York with prior written notice of the defect which allegedly caused the accident (*see* Administrative Code of the City of New York § 7-201 [c] [2]). Actual or constructive notice of a defect does not satisfy this requirement (*see Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]; *Poirier v City of Schenectady*, 85 NY2d 310, 314 [1995]; *Silva v City of New York*, 17 AD3d 566, 567 [2005]). The plaintiffs' reliance upon the exception to the written notice requirement based upon a condition caused by affirmative negligence (*see Amabile v City of Buffalo, supra* at 474; *Kiernan v Thompson*, 73 NY2d 840, 841 [1988]), is unavailing. No affirmative negligence by the City was demonstrated. A failure to repair is not affirmative behavior necessary to establish that the City created the defective condition (*see Silva v City of New York, supra* at 568; *Gold v County of Westchester*, 15

AD3d 439, 440 [2005]). After the defendants established their respective entitlements to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the motions for summary judgment were properly granted. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.