OPINION OF THE COURT
David Schmidt, J.
Defendants Rose Bloch 107 University Place Partnership, as owner of 107 University Place, and Wydown Management Corp. *734 move for an order, pursuant to CPLR 3212, granting summary judgment dismissing plaintiffs’ complaint.
Plaintiff Ivelise Irizarry brings this action to recover damages for personal injuries allegedly sustained by her on December 5, 2003 when she tripped and fell on a curb in front of the commercial premises located at 107 University Place, New York County.[1] The premises is owned and operated by defendants Rose Bloch and Wydown.
In their complaint, plaintiffs allege, inter alia, that the defendants were negligent in their ownership, operation, management, maintenance and control of the aforesaid curbstone and in permitting the curbstone in front of the premises to remain in a dangerous and/or hazardous condition.
Defendants move for summary judgment dismissing the complaint contending that they are not responsible for defective curbstones, such as the one that caused plaintiff’s accident, because even though Administrative Code of the City of New York § 7-210 was recently amended so as to impose an affirmative duty upon a landowner to maintain a sidewalk in a reasonably safe condition, such duty does not include curbstones. Defendants point out that Administrative Code § 19-152,[2] which describes the regulatory standards for a landowner’s repair of the sidewalks and parallels the language found in Administrative Code § 7-210, only addresses sidewalk “flags.” Defendants point out that there is no mention of curbstones in that section. Defendants rely on plaintiffs deposition testimony wherein she testified that her accident occurred after she stepped onto a broken curbstone, twisted her foot and landed on the sidewalk. She stated that it was snowing lightly at the time, but that there was no snow accumulation on the ground. Defendants also rely on the deposition testimony of Michael Lehman, a property manager for Wydown, who testified that there were never any repairs made to the curb area prior to the date of the accident. In a supporting affidavit, Lehman asserts that defendants did not install the metal structure that is observable in the photographs of the purported accident site, which are an *735 nexed to the moving papers, nor did defendants maintain the curbstones near their premises. Defendants argue that since they did not cause or create the subject defect or make any special use over the subject curbstone, summary judgment dismissing the action against them is warranted.
In opposition, plaintiffs contend that Administrative Code of the City of New York § 7-210 places a duty on defendants, as the owners of the premises, to maintain and/or repair the public sidewalk and surfaces, including the curbstone which, they argue, is the edge of the sidewalk. Plaintiffs contend that defendants had notice of the defect at the edge of the sidewalk by virtue of its appearance and the length of time it existed. Moreover, plaintiff asserts that she fell on the edge of the sidewalk that was broken and uneven and that part of the area had been patched with a lighter color concrete. Plaintiffs allege that such concrete patchwork indicates that the subject area had once been repaired. Plaintiffs argue that defendants are liable because they failed to reasonably maintain and repair the defective sidewalk, including its edge.
In reply, defendants maintain that the Administrative Code only imposes liability on the abutting landowner to maintain sidewalks, and not curbstones. Since plaintiffs bill of particulars and deposition testimony make it clear that she fell on the curbstone, defendants contend that there is no cause of action against them. Further, defendants aver that there is no proof that they did any repair work to the curbstone. Defendants also point out that plaintiff, in her opposing affidavit, claimed that she fell on part of the sidewalk that was broken and uneven due to negligent repairs. However, at her deposition, plaintiff clearly stated that she fell when she stepped on a broken curbstone, twisted her foot and landed on the sidewalk. Defendants argue that her recent affidavit should be disregarded since it directly contradicted her prior deposition testimony.
In sur-reply papers, plaintiffs’ counsel argues, inter aha, that the curbstone is part of the sidewalk since section 2-01 of the Rules of the City of New York Department of Transportation (Highway Rules [34 RCNY]) does not exclude curbstones from its definition of sidewalk.[3] Further, counsel contends that based upon his conversations with unidentified representatives from the Department of Transportation (DOT), DOT routinely issues *736 violations to adjacent property owners for defects to the curbstones in front of their buildings. Plaintiff also cites Skelly v Village of Port Chester (10 Misc 2d 52 [1957], affd 6 AD2d 717 [1958]), to illustrate that the curb was a boundary between the sidewalk and the street and was, thus, part of either the sidewalk or the street.
Discussion
Summary judgment should only be granted where there are no triable issues of fact (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). In order to prevail on a motion for summary judgment, the movant must present a prima facie case demonstrating entitlement to judgment as a matter of law (Prince v DiBenedetto, 189 AD2d 757, 759 [1993]; Zarr v Riccio, 180 AD2d 734, 735 [1992]). Once the movant has made such a showing, the party opposing a motion for summary judgment bears the burden of “producing] evidentiary proof in admissible form sufficient to require a trial of material questions of fact. . . ; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see also Romano v St. Vincent’s Med. Ctr. of Richmond, 178 AD2d 467, 470 [1991]; Tessier v New York City Health & Hosps. Corp., 177 AD2d 626 [1991]). Since summary judgment deprives a party of his or her day in court (Henderson v City of New York, 178 AD2d 129 [1991] ), it is a drastic remedy that will only be awarded when there is no triable issue of fact and the court can render a decision as a matter of law (Barclay v Denckla, 182 AD2d 658 [1992] ). Accordingly, summary judgment is appropriate where the movant satisfies his or her initial burden of proof and the nonmovant’s opposition to the motion for summary judgment is “entirely conjectural and there is no genuine issue [of fact] to be resolved” (Cassidy v Valenti, 211 AD2d 876, 877 [1995]).
It is well settled that “[t]o hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk” (Reich v Meltzer, 21 AD3d 543, 544 [2005]; Jeanty v Benin, 1 AD3d 566, 567 [2003]; Carter v 73 Cranberry St., Inc., 18 AD3d 795, 796 [2005]).
Administrative Code § 7-210
Administrative Code § 7-210, recently enacted, states, in relevant part, that:
*737 “(a) It shall be the duty of the owner of real property abutting any sidewalk, including, but not limited to, the intersection quadrant for corner property, to maintain such sidewalk in a reasonably safe condition.
“(b) . . . [T]he owner of real property abutting any sidewalk . . . shall be liable for any . . . personal injury . . . proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition” (emphasis added).
Essentially, as of section 7-210’s effective date of September 14, 2003, certain landowners have an affirmative duty to maintain their adjacent sidewalks in a reasonably safe condition.
As is relevant herein, prior to the enactment of Administrative Code § 7-210, it was clear that “curbstones” were part of the definition of “street,” and specifically governed by Administrative Code § 7-201, which section discusses actions against the City of New York. Specifically, section 7-201 (c) (1) (a) provides that “[t]he term ‘street’ shall include the curbstone, an avenue, underpass, road alley, lane, boulevard, concourse, parkway, road or path within a park, park approach, driveway, thoroughfare, public way, public square, public place, and public parking area” (emphasis added). When Administrative Code § 7-210 was enacted, the definitions in section 7-201 were not amended.
For further insight, as to the exclusion of “curbstones” from the text of Administrative Code § 7-210, a review of the Bill Jacket to said legislation indicates that the legislative intent of this new section was to place liability with the property owners whose legal obligations were to maintain and repair sidewalks that abut their premises and that the new statute was intended to “mirror” the duties and obligations, inter alia, to repair, repave and maintain the sidewalks, as set forth in section 19-152 of the Administrative Code.[4] Section 19-152 expressly refers to “sidewalk flags,” while curbstones[5] are not mentioned.
Moreover, while it is plaintiffs’ contention that the curb is part of the sidewalk for which defendants are responsible pur *738 suant to Administrative Code § 7-210, a plain reading of the statute indicates otherwise. Since the word curbstone is not included in this section of the code, the failure to expressly include such matter within the scope of an act may be construed as an indication that its omission was intended. The court cannot supply by implication that which legislation intentionally omitted (see McKinney’s Cons Laws of NY, Book 1, Statutes §74).
Further, while plaintiffs assert that a different definition in the Highway Rules may include the term “curb” in its definition of sidewalk (34 RCNY 2-01), that section is not controlling on the issue of tort liability (see Administrative Code § 7-210). The court also notes that plaintiffs’ counsel’s discussions with unnamed employees of the DOT concerning “routine issuance of violations to adjacent property owners for defective curbstones” are pure hearsay.
Further, plaintiffs’ citation to Skelly (10 Misc 2d 52 [1957]) for the proposition that a curb could be considered part of the sidewalk or the street is equally unavailing. A close reading of Skelly reveals that the court held that whether or not a curb was part of the street or the sidewalk, prior written notice of a curb defect was required to maintain a cause of action against the municipality. In Skelly, plaintiff was unable to show prior written notice of a defect and sought relief on the theory that the defective curb was not part of either the sidewalk or the street, and therefore prior notice was not required. The Second Department, in affirming the decision of the trial court, noted that it would be unrealistic to find that a curb, which is the dividing line between the street or highway and the sidewalk was not part of the highway or the sidewalk. The court held that notice was required regardless of the curb’s designation.
Thus, the court finds that curbstones remain the responsibility of the City of New York and not the responsibility of the abutting property owner.
It is plaintiffs deposition testimony that she stepped up onto the curbstone, her foot twisted and she fell to the sidewalk (see plaintiffs transcript at 41-43, 84, 90-91, errata sheet). Although her recent affidavit contains allegations that she tripped and fell on a defectively repaired sidewalk, to the extent that her affidavit submitted in opposition to the summary judgment motion is inconsistent with her prior deposition testimony, it must be rejected. Where a feigned factual issue is designed to avoid the consequences of an earlier admission (see McGuire v Quin *739 nonez, 280 AD2d 587 [2001]), it is insufficient to defeat summary judgment (see Israel v Fairharbor Owners, Inc., 20 AD3d 392 [2005]). Accordingly, since the accident occurred on a defective curbstone, Administrative Code § 7-210 is inapplicable.
Finally, there is no proof that defendants caused or created any defect, maintained any special use over the site of the accident, or performed any maintenance work on the curbstone where plaintiff testified she fell (see Reich, 21 AD3d 543 [2005]; Jeanty, 1 AD3d 566 [2003]; Carter, 18 AD3d 795 [2005]). As there are no triable issues of fact, summary judgment is warranted.
Consequently, defendants’ motion for summary judgment is granted and plaintiffs’ complaint is dismissed.

. Plaintiff Joseph Garcia, Ivelise Irizarry’s husband, asserts a derivative cause of action for loss of consortium.

. Administrative Code of the City of New York § 19-152 (a), in relevant part provides: “The owner of any real property, at his or her own cost and expense, shall (1) install, construct, repave, reconstruct and repair the sidewalk flags in front of or abutting such property, including but not limited to the intersection quadrant for corner property” (emphasis added).

. 34 RCNY 2-01 defines sidewalk as follows: “The term ‘sidewalk’ means that portion of a street between the curb Unes, or the lateral Unes of a roadway, and the adjacent property lines, intended for the use of pedestrians.”

. See Report of Comm on Transp, Local Law Bill Jacket, 2003 No. 49, Intro. No. 193 of 2002.

. The court notes that the following definition applies to title 19 of the Administrative Code:
“§ 19-101. Definitions. Whenever used in title: . . .
“d. ‘Sidewalk’ shall mean that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, but not including the curb, intended for the use of pedestrians” (emphasis added).