■ LEAH WEISER, Respondent, v CITY OF NEW YORK, Defendant, and AARON SANDER, Appellant. [838 NYS2d 118]—

In an action to recover damages for personal injuries, the defendant Aaron Sander appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 9, 2006, as denied his cross motion for summary judgment dismissing the amended complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion for summary judgment dismissing the amended complaint insofar as asserted against the defendant Aaron Sander is granted.

On May 26, 2000 the plaintiff allegedly was injured when she tripped and fell on a section of sidewalk abutting the premises owned by the defendant Aaron Sander. Thereafter, she commenced this action against Sander and the defendant City of New York.

" 'To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk' " (*Reich v Meltzer,* 21 AD3d 543, 544 [2005], quoting *Jeanty v Benin,* 1 AD3d 566, 567 [2003]).

Here, the plaintiff does not claim that Sander made special use of the sidewalk and, at the time of the accident, there was no statute or regulation obligating Sander to maintain the sidewalk in reasonably safe condition (*see Klotz v City of New*

*York,* 9 AD3d 392, 393 [2004]). Sander, therefore, established his prima facie entitlement to judgment as a matter of law by tendering evidence that he did not create the alleged defective condition. Since no triable issue of fact was raised in opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the cross motion for summary judgment dismissing the amended complaint insofar as asserted against Sander should have been granted. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.