■ RONALD RAO, Appellant, v CITIBANK, Respondent, et al., Defendants. (And a Third-Party Action.) [856 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated November 29, 2006, as granted that branch of the defendant Citibank's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2003 the plaintiff allegedly slipped and fell on a patch of snow-covered ice on the public sidewalk abutting the respondent's property. Specifically, the fall occurred in the curb cut containing a sloped driveway which crossed the subject sidewalk and led to the respondent's parking lot. At the time of the accident, the driveway was no longer being used as a means of ingress to and egress from the parking lot. In fact, there was a fence between the parking lot and the sidewalk.

The respondent moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of its motion.

As of the date of the accident, "[a]n owner of land abutting a public sidewalk [in the City of New York did] not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition" (*Lehner v Boyle,* 7 AD3d 677, 677 [2004]). This rule, however, was not absolute, and there were three exceptions: (1) liability based on a violation of an ordinance or statute, (2) liability imposed if the landowner used the sidewalk for a special purpose that caused the injury, or (3) liability imposed if the landowner created the dangerous condition (*see Reich v Meltzer,* 21 AD3d 543, 544 [2005]; *Jeanty v Benin,* 1 AD3d 566, 567 [2003]).

The respondent made a prima facie showing of entitlement to judgment a matter of law. In opposition to the respondent's motion for summary judgment, the plaintiff failed to raise a triable issue of fact that the respondent made the sidewalk more hazardous by the negligent removal of snow or ice. Furthermore, it was undisputed that no ordinance or statute was in effect at the

time that imposed liability upon the respondent for failure to maintain the sidewalk. Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 13 Misc 3d 1244(A), 2006 NY Slip Op 52334(U).]