■ MURRAY ROTH, Doing Business as ATLAS SHEET METAL WORKS, Appellant, v. LODGE GATE FOREST, INC., Respondent.— In an action to foreclose a mechanic's lien on real property, the appeal is from an order which, *inter alia*, vacated a judgment entered upon a default in pleading, and permitted the service of an answer. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.

■ AGNES SKELLY, Appellant, v. VILLAGE OF PORT CHESTER, Respondent. — In an action to recover damages for personal injuries, the appeal is from an order granting a motion to dismiss the complaint, and from the judgment entered thereon. Appellant alleged she was injured when her foot was caught in a defective, dangerous and broken curbing. The motion was based on the ground that the complaint did not allege that written notice of the defective and dangerous condition of the curb had been given to respondent's trustees prior to the accident. Order and judgment unanimously affirmed, with $10 costs and disbursements. By its Local Law No. 1 for the year 1953, respondent amended section 16 of title VII of its charter (L. 1868, ch. 818, as amd.) to provide that " No civil action shall be brought or maintained against the village of Port Chester for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed, unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the board of trustees of the village of Port Chester, and there had been a failure or neglect on the part of said village to cause such condition to be corrected, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice." Appellant concedes that the Local Law is valid. If the Local Law required the giving of written notice prior to the accident herein, the giving of such written notice was a condition precedent which appellant was required to plead in order to maintain the action (*Ellis* v. *City of Geneva*, 259 App. Div. 502, affd. 288 N. Y. 478). We are not required to determine whether, in the light of other provisions of respondent's charter and other statutes, the curb was part of the sidewalk or part of the street as distinguished from the sidewalk. In our opinion, it would require a strained and unrealistic construction or interpretation of the Local Law to hold that the curb, which was the dividing line between the part of the street or highway intended for vehicular traffic and the sidewalk, the part intended for the use of pedestrians, was not part of the highway, or part of the street, or part of the sidewalk (see, e.g., 25 C. J. S., Curb, p. 29; Vehicle and Traffic Law, § 2, subds. 2, 3, 4, 26 [before amdt. by L. 1957, ch. 698], §§ 111, 118, 134, 140, 144, 148, as amd. by L. 1957, ch. 698). Present—Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. [10 Misc 2d 52.]