MORACCINI v CITY OF STERLING HEIGHTS

Docket No. 301678. Submitted March 7, 2012, at Detroit. Decided May 1,
    2012, at 9:00 a.m. Leave to appeal denied, 492 Mich 870.

Antonio Moraccini filed an action in the Macomb Circuit Court,
    alleging that the city of Sterling Heights had negligently main-
    tained a curb cutout within its jurisdiction. Moraccini had been
    injured when the wheels on his three-wheeled motor scooter
    struck concrete defects and irregularities in the curb cutout
    adjacent to a county road. The alleged defects were located at the
    base of the area where the contractor had chipped or cut out the
    raised portion of the existing curb to bring the road flush with the
    sidewalk as required by MCL 125.1361 (sidewalk construction
    requirements related to persons with disabilities). Sterling
    Heights moved for summary disposition, arguing that Macomb
    County was responsible because the fall was the result of a defect
    in the curb and gutter portion of Macomb County's roadway and
    that Sterling Heights was thus entitled to governmental immu-
    nity. The court, John C. Foster, J., denied the motion. Sterling
    Heights appealed.

The Court of Appeals *held*:

1. A governmental agency can be held liable under the govern-
    mental tort liability act, MCL 691.1401 *et seq.*, if an action falls
    into one of the enumerated exceptions to governmental immunity,
    including the highway exception. Read together, MCL 691.1402(1),
    as amended by 1999 PA 205, and MCL 691.1402a, as amended by
    1999 PA 205, effectively granted municipalities jurisdiction over
    sidewalks adjacent to a county highway for purposes of repair,
    maintenance, and any associated liability and mandated that they
    maintain them in reasonable repair. The highway exception to
    governmental immunity applies if (1) the municipality knew, or in
    the exercise of reasonable diligence should have known, of the
    existence of the defect in a sidewalk, trailway, crosswalk, or other
    installation outside the improved portion of the highway designed
    for vehicular travel and (2) the defect was the proximate cause of
    the injury, death, or damage.

2. The circuit court correctly determined that Moracinni could
    assert the highway exception to governmental immunity, MCL

691.1402, and properly denied Sterling Heights summary disposition. The cutout abutted the county highway and qualified as a sidewalk under the general statutory definition of "highway" in MCL 691.1401(e) and as an installation for purposes of MCL 691.1402a(1). The curb cutout was not an improved portion of the highway designed for vehicular travel, it constituted a path for pedestrians that was designed to facilitate pedestrian use by persons with physical disabilities, and it qualified as part or an extension of a sidewalk because it was designed to make pedestrian travel easier for all individuals.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — SIDEWALKS — CURB CUT-OUTS.

Municipalities effectively have jurisdiction over sidewalks adjacent to a county highway for purposes of repair, maintenance and associated liability and must maintain them in reasonable repair; the highway exception to governmental immunity applies if (1) the municipality knew, or in the exercise of reasonable diligence should have known, of the existence of the defect in a sidewalk, trailway, crosswalk, or other installation outside the improved portion of the highway designed for vehicular travel and (2) the defect was the proximate cause of an injury, death, or damage; a curb cutout adjacent to a county highway qualifies as a sidewalk under the general statutory definition of "highway" and as an installation for purposes of the highway exception (MCL 691.1401[e]; 691.1402[1], as amended by 1999 PA 205; 691.1402a[1], as amended by 1999 PA 205).

*Ishbia & Gagleard, P.C.* (by *Michael A. Gagleard* and *Michelle S. Toma*), for Antonio Moraccini.

*O'Reilly Rancilio P.C.* (by *Lauren DuVal Donofrio*) for the city of Sterling Heights.

Before: MURPHY, C.J., and HOEKSTRA and MURRAY, JJ.

MURPHY, C.J. Defendant, the city of Sterling Heights, appeals as of right an order denying its motion for summary disposition in this tort liability action concerning an injury sustained by Antonio Moraccini that was allegedly caused by defects in a city sidewalk. The city asserted

governmental immunity as an affirmative defense and argued that the alleged defects pertained to a highway curb, not a sidewalk, which therefore fell within the jurisdiction of the county and not the city for purposes of the highway exception to governmental immunity, MCL 691.1402. We affirm, holding as a matter of law that, under MCL 691.1402a(1),[1] the site of the alleged defects constituted a portion of a county highway, i.e., part of an abutting sidewalk or other installation, existing outside the improved portion of the county highway designed for vehicular travel. Accordingly, the city is potentially liable under MCL 691.1402a, and the summary disposition motion was properly denied.

Plaintiff, Antonio Moraccini, alleged that he was operating his three-wheeled motorized scooter when the wheels of the scooter struck concrete defects and irregularities, catapulting him from the scooter to the ground and causing severe injuries. Moraccini described the concrete where the scooter's wheels became jammed as being uneven, damaged, and unstable, with deep cracks and crevices. Moraccini had been traveling down a sidewalk on the scooter and was about to cross a road, which indisputably fell within the jurisdiction of the county, when the accident occurred. The sidewalk was constructed by the city in 1977, and the contractor who built the sidewalk chipped or cut out the raised portion of the existing curb to bring the road flush with the sidewalk as required by MCL 125.1361.[2] The alleged defects were located at the base of the area comprising the curb cutout.

---

[1] MCL 691.1402a was amended by 2012 PA 50, effective March 13, 2012. The amended version of the statute, which limits its application solely to "a sidewalk . . . installed adjacent to a municipal, county, or state highway," is not applicable here, considering the effective date of the amendment and the earlier date of the incident.

[2] MCL 125.1361 provides in relevant part:

Moraccini filed suit, alleging negligence and assert-
ing that the city had failed to keep the sidewalk in
reasonable repair so as to make it reasonably safe and
convenient for public travel. The city answered, alleg-
ing, in part, that it was shielded by governmental
immunity. The city subsequently filed a motion for
summary disposition pursuant to MCR 2.116(C)(7)
(claim barred by immunity) and (10) (no genuine issue
of material fact). The city conceded that it had jurisdic-
tion over the sidewalk and was required to keep the
sidewalk in reasonable repair. The city contended, how-
ever, that discovery had shown that Moraccini "fell as a
result of an alleged defective condition in the curb and
gutter portion of Macomb County's roadway . . . ." The
city argued that the county had jurisdiction over the
road and the area of the curb cutout and that the
sidewalk did not include the curb cutout. Therefore,
according to the city, the defective-highway exception to
governmental immunity, MCL 691.1402, did not apply.
Moraccini countered that the curb cutout was part of
the sidewalk, thereby making it the city's responsibility
under MCL 691.1402. The trial court agreed with
Moraccini and denied the city's motion for summary
disposition, ruling that it was "persuaded that the area
in question served as an extension of the sidewalk,
particularly since there [was] no evidence that it was
used for vehicular traffic."

---

A sidewalk constructed or reconstructed after April 12, 1973 on
public or private property for public use within this state, whether
constructed by a public agency or a person, firm, corporation,
nonprofit corporation, or organization, shall be constructed in a
manner that will facilitate use by persons with physical disabili-
ties. At points of intersection between pedestrian and motorized
lines of travel, and at other points when necessary to avoid abrupt
changes in grade, a sidewalk shall slope gradually to street level so
as to provide an uninterrupted line of travel.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). MCR 2.116(C)(7) provides for summary disposition when a claim is "barred because of . . . immunity granted by law . . . ." The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. *Id*. We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*. But when a relevant factual dispute does exist, summary disposition is not appropriate. *Id*.

Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); *Duffy v Dep't of Natural Resources*, 490 Mich 198, 204; 805 NW2d 399 (2011); *Grimes v Dep't of Transp*, 475 Mich 72, 76-77; 715 NW2d 275 (2006). "The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a

plaintiff to pursue a claim against a governmental agency." *Duffy*, 490 Mich at 204. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. *Grimes*, 475 Mich at 77; *Stanton v Battle Creek*, 466 Mich 611, 614-615; 647 NW2d 508 (2002). An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a governmental function. *Maskery v Univ of Mich Bd of Regents*, 468 Mich 609, 613-614; 664 NW2d 165 (2003). This Court gives the term "governmental function" a broad interpretation, but the statutory exceptions must be narrowly construed. *Id.* at 614. "A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity." *Odom*, 482 Mich at 478-479.

At the relevant time, the highway exception to governmental immunity provided in pertinent part:

> *Except as otherwise provided in* [*MCL 691.1402a*], each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of 1909 PA 283, MCL 224.21. The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the

highway designed for vehicular travel. [MCL 691.1402, as amended by 1999 PA 205 (emphasis added).][3]

At the time of the incident, "highway" was statutorily defined as "a public highway, road, or street that is open for public travel and includes bridges, *sidewalks*, trailways, crosswalks, and culverts on the highway [and it] . . . does not include alleys, trees, and utility poles." MCL 691.1401(e), as amended by 2001 PA 131 (emphasis added).[4] MCL 691.1402(1) imposed a general duty on municipalities to keep sidewalks under their jurisdiction in reasonable repair. *Jones v Enertel, Inc*, 467 Mich 266, 268; 650 NW2d 334 (2002). "[W]hile MCL 691.1402(1) exempts state and county road commissions from liability for injuries resulting from defective sidewalks, municipalities are not exempt; municipalities do have a duty to maintain sidewalks in reasonable repair." *Robinson v City of Lansing*, 486 Mich 1, 7; 782 NW2d 171 (2010). "[W]hen MCL 691.1402(1) and MCL 691.1401(e) [definition of highway] are read together, it is clear that all governmental agencies except the state and county road commissions have a duty to maintain sidewalks in reasonable repair." *Id.* at 8.

As indicated in the prefatory language of MCL 691.1402(1), the statute applied except as otherwise provided in MCL 691.1402a. In relevant part, MCL 691.1402a(1) previously provided:

> Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is

---

[3] Unless otherwise indicated, all references to MCL 691.1402 are to the statute as amended by 1999 PA 205, the version in effect at the time of the incident.

[4] The amendments of this provision by 2012 PA 50 are only stylistic in nature. Unless otherwise indicated, all references to MCL 691.1401 are to the statute as amended by 2001 PA 131, the version in effect at the time of the incident.

not liable for injuries arising from, a portion of a county highway outside of the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

(a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel.

(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.[5]

We hold that MCL 691.1402a, in conjunction with MCL 691.1402(1), governs the proper analysis of this case. The location where the accident took place was subject to the general authority and control of Macomb County, which is the reason that the county had to grant a permit to the city to allow installation of the sidewalk.[6] However, MCL 691.1402a(1) made it abun-

---

[5] MCL 691.1402a(1), as added by 1999 PA 205. Subsection (2) of the statute contained the two-inch rule. MCL 691.1402a(2); see generally *Robinson*, 486 Mich at 10, 13 (noting that a municipality is not liable for damages arising from a depression in a sidewalk that does not exceed 2 inches in depth). Subsection (3) of the statute contained a liability limitation pertaining to off-road recreational vehicles (ORVs). MCL 691.1402a(3); *Robinson*, 486 Mich at 11 n 9 (recognizing that municipalities are not liable for injuries resulting from the use of off-road vehicles absent gross negligence). Unless otherwise indicated, all references to MCL 691.1402a are to the statute as added by 1999 PA 205, the version in effect at the time of the incident.

[6] There was documentary evidence indicating that in 1974, the Macomb County Road Commission granted the city a "permit to contract, operate, use and/or maintain within the right-of-way." The permit allowed the city to install sidewalks. Under the permit, the city was required to operate and maintain the sidewalks it installed. As stated earlier, in 1977 the city hired a contractor who installed the sidewalk and created the curb cutout.

dantly clear that a municipal corporation[7] can nonetheless be held liable, upon satisfaction of the knowledge and proximate cause provisions, for a failure to repair or maintain that "portion of a county highway *outside of the improved portion of the highway designed for vehicular travel,* including a sidewalk ... or other installation." (Emphasis added.) Thus, there was a general duty of municipal corporations to repair and maintain the areas subject to the enumerated conditions, effectively giving municipal corporations jurisdiction for purposes of repair, maintenance, and any associated liability.[8]

MCL 691.1402a and its relationship to MCL 691.1402(1) were examined in *Robinson*, 486 Mich at 11-13, 22, wherein the Court stated:

> Although the very first sentence of MCL 691.1402a(1) begins by stating that a municipality is *not* liable for injuries arising from a portion of a county highway outside the improved portion of the highway designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation, this sentence is prefaced by the language "[e]xcept as otherwise provided by this section," and the very next sentence of this subsection states that a municipality *is* liable for such injuries under certain circum-

---

[7] A "municipal corporation" was defined as "a city, village, or township or a combination of 2 or more of these when acting jointly." MCL 691.1401(a). Accordingly, the city is a municipal corporation for purposes of MCL 691.1402a(1).

[8] On the issue of jurisdiction in relationship to governmental immunity, this Court in *Carr v City of Lansing*, 259 Mich App 376, 381; 674 NW2d 168 (2003), observed:

> A governmental agency must have jurisdiction over a highway for it to be liable under the highway exception for breaching its duty to maintain a highway "in reasonable repair so that it is reasonably safe and convenient for public travel." An agency has jurisdiction when it has control over the highway. ... [O]nly one agency may have jurisdiction for purposes of liability under the highway exception .... [Citations omitted.]

stances. That is, a municipality *is* liable for injuries arising from a defective sidewalk adjacent to a county highway if (a) the municipality knew or should have known at least 30 days before the occurrence of the injury of the existence of the defect in the sidewalk and (b) that defect was a proximate cause of the injury. MCL 691.1402a(1). In addition, MCL 691.1402a(2) provides that a discontinuity defect of less than 2 inches creates a rebuttable inference that the municipality maintained the sidewalk in reasonable repair, as is required by MCL 691.1402(1); this is the statutory two-inch rule.

As discussed earlier, MCL 691.1402(1) imposes liability on municipalities for injuries resulting from defective sidewalks, i.e., sidewalks that the municipality has failed to maintain in reasonable repair. However, MCL 691.1402a limits this liability by providing that municipalities are only liable for injuries resulting from defective sidewalks adjacent to *county* highways under the specified circumstances. . . . [W]hen MCL 691.1402(1) and MCL 691.1402a are read together, it is clear that municipalities are generally liable for injuries resulting from defective sidewalks.

\* \* \*

. . . MCL 691.1402a does not apply to sidewalks adjacent to highways other than county highways, such as sidewalks adjacent to state highways. [Citations omitted.]

In this case, the area in dispute is adjacent to and abuts a county highway, and while *Robinson* concerned a sidewalk, MCL 691.1402a(1) also spoke of "other installation[s]" outside the improved portion of the highway designed for vehicular travel.

MCL 691.1402a, which was added by 1999 PA 205, and took effect December 21, 1999, was enacted to limit municipal liability relative to injuries occurring caused by defective sidewalks, trailways, crosswalks, and other installations located within portions of a county highway, because the county's liability was limited under

MCL 691.1402(1) to improved portions designed for vehicular traffic and caselaw had developed that imposed broad liability on municipalities for such defects in the remaining portions of the county highway. In *Listanski v Canton Twp*, 452 Mich 678, 681; 551 NW2d 98 (1996), a case predating MCL 691.1402a, our Supreme Court addressed the issue "whether townships can be held liable under MCL 691.1402 . . . for injuries occurring on public sidewalks abutting county roads within the townships' boundaries." The Court held "that townships have jurisdiction over public sidewalks located along county roads within the township sufficient to support a cause of action against the township under the highway exception for failure to maintain them in reasonable repair." *Id.* at 682.[9] The *Listanski* Court reasoned and concluded:

> After analyzing the Michigan Constitution, statutes, and common law on this issue, we believe that the Legislature intended municipalities to retain reasonable control over sidewalks within their boundaries, as long as the control pertains to local concerns and does not interfere with the state or counties' control over their highways. . . . [O]ur conclusion is consistent with public policy and the overall legislative scheme. It treats townships *the same as cities*, and ensures that those persons injured on township sidewalks abutting a county road are not within the only class of persons without a remedy against a governmental agency. Because we believe the Legislature intended townships to be subject to liability for injuries occurring as a result of a failure to maintain sidewalks within their

---

[9] We also note *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136 n 6; 523 NW2d 791 (1994), in which the Court stated that the purpose behind the language in MCL 691.1402(1), which limited the state and counties' liability to defects in the improved portion of a highway designed for vehicular travel, "is to allocate responsibility for sidewalks and crosswalks to local governments, including townships, cities, and villages."

boundaries, we would remand these cases to their respective circuit courts for trial. [*Id.* at 690-691 (emphasis added).][10]

Subsequently, the Legislature enacted MCL 691.1402a, and we note for historical background purposes the following commentary in House Legislative Analysis, HB 4010, January 4, 2000, with respect to the proposed act:

The statute [MCL 691.1402] does not directly address the liability of local governments for sidewalks, etc. alongside . . . county roads, but the courts have rendered decisions on the matter. . . . [I]n a recent decision, Listanski v Canton Township (1996), the Michigan Supreme Court said townships are liable for injuries occurring on sidewalks abutting county roads within their boundaries. This decision overturned a court of appeals decision saying townships were not liable because they lack sufficient jurisdiction. (Townships must seek approval from the county in order to construct, repair, or maintain sidewalks along county roads.) The state supreme court said its decision, "treats townships the same as cities, and ensures that those persons injured on township sidewalks abutting a county road are not within the only class of persons without a remedy against a government agency." Legislation has been introduced to address the liability of municipalities for "installations" alongside county roads.

* * *

The bill would provide protection to townships, cities, and villages against "slip and fall" and similar lawsuits on sidewalks, bikepaths, trailways, and similar installations

---

[10] The *Listanski* Court also observed, "Additionally, there is no reason in logic or policy for the Legislature to have . . . retained city responsibility to repair and maintain sidewalks along city roads, but eliminated city and township responsibility for repair and maintenance of sidewalks along state or county roads." *Listanski*, 452 Mich at 687 n 10 (citation omitted).

along the side of county highways. It limits liability to instances in which [knowledge, causation, and two-inch rule provisions are set forth][.]

With respect to MCL 691.1402a(1), the question that must be answered in the case at bar is whether the concrete base of the area comprising the so-called curb cutout (hereafter simply referred to as the "curb cutout") constituted a portion of the county highway falling outside the improved portion of the highway designed for vehicular travel, which includes sidewalks or other installations. We initially conclude that the curb cutout was not an improved portion of the highway designed for vehicular travel. Clearly, the curb cutout was designed to make pedestrian travel easier for all individuals, not for ease in vehicular travel. We shall, however, review a couple of cases addressing curbs in general.

In *Meek v Dep't of Transp*, 240 Mich App 105, 113; 610 NW2d 250 (2000), a highway-design-defect case, this Court held that a "barrier curb must be considered part of the improved portion of the highway designed for vehicular travel and comes within the highway exception to governmental immunity." The *Meek* panel, in support of its holding, relied on *Gregg v State Hwy Dep't*, 435 Mich 307, 314-315; 458 NW2d 619 (1990), in which our Supreme Court ruled that a highway shoulder is part of the improved portion of the highway designed for vehicular travel. *Meek*, 240 Mich App at 114. However, in *Grimes*, 475 Mich at 84, the Michigan Supreme Court "overrule[d] *Gregg* and *its progeny* to the extent that they can be read to suggest that a shoulder is 'designed for vehicular travel.' "[11] (Empha-

---

[11] We note that *Meek* was also effectively overruled by *Hanson v Mecosta Co Rd Comm'rs*, 465 Mich 492, 502; 638 NW2d 396 (2002), which held that the highway exception to governmental immunity "does

sis added.) The *Grimes* Court held that "only the travel lanes of a highway are subject to the duty of repair and maintenance specified in MCL 691.1402(1)." *Id.* at 91. The curb cutout here was not part of the highway's travel lanes. Accordingly, *Meek* cannot serve as a basis to reject our conclusion that the curb cutout does not constitute an improved portion of the highway designed for vehicular travel.

In *Sharp v Benton Harbor*, 292 Mich App 351; 806 NW2d 760 (2011), the plaintiff stepped onto a curb that abutted a city street and the curb allegedly crumbled, causing the plaintiff to fall to the ground.[12] The plaintiff sued the defendant, the city of Benton Harbor, which acknowledged jurisdiction over the curb. In a motion for summary disposition, Benton Harbor argued that the curb did not come within the definition of "highway." *Id.* at 352. This Court held that a curb falls under the statutory definition of "highway" and "that governmental immunity does not bar a claim against a municipality arising from a defective curb." *Id.* at 357. The Court concluded "that the curb framing [the] [s]treet constitutes an integral part of the road, and that Benton Harbor bore responsibility for maintaining . . . [the] curb in reasonable repair." *Id.* at 358. We note that *Sharp* dealt with a curb that "was neither at the corner nor within a crosswalk" and that "[a] grass verge separated the curb from the sidewalk." *Id.* at 352. We additionally note that the abutting road in *Sharp* was not a county roadway, but a city street. *Sharp* did not address MCL 691.1402a, as an abutting county road

---

not include a duty to design, or to correct defects arising from the original design or construction of highways."

[12] A "curb" is defined in the dictionary as " 'a rim, [especially] of joined stones or concrete, along a street or roadway, forming an edge for a sidewalk.' " *Sharp*, 292 Mich App at 356, quoting *The Random House Dictionary of the English Language, Second Edition Unabridged.*

was not at issue, nor did the panel, as expressly indicated, have to concern itself with whether the curb was part of the improved portion of the highway designed for vehicular travel, given that the defendant was not a county or the state. *Id.* at 353. *Sharp* does lend support for the proposition that a curb cutout falls within the general definition of "highway."

Having concluded that the curb cutout did not constitute an improved portion of the county highway designed for vehicular travel, the final question to be answered is whether the curb cutout otherwise qualified as a portion of the county highway under MCL 691.1402a(1), i.e., whether it constituted an abutting "sidewalk, trailway, crosswalk, or other installation." The curb cutout abutted the county highway, and we believe that it falls within the definition of "highway" pursuant to *Sharp* and that it also constituted an "installation" for purposes of MCL 691.1402a(1). An "installation" is defined as "something installed, as machinery or apparatus placed in position or connected for use." *Random House Webster's College Dictionary* (2001). While we have a fairly unique set of circumstances in which the original curb was simply cut into, as opposed to the common situation in which a curb and sidewalk are designed, poured, and constructed to flow together in order to accommodate pedestrian traffic, there remains a concrete base, or remnants thereof, that fits within the broad definition of an "installation" and that is comparable in kind, character, and nature to a sidewalk, crosswalk, or trailway. See *Neal v Wilkes*, 470 Mich 661, 669; 685 NW2d 648 (2004) ("Under the statutory construction doctrine known as ejusdem generis, where a general term follows a series of specific terms, the general term is interpreted 'to include only things of the same kind, class, character, or nature as those specifically enumerated.' ") (citation omitted).

Just like a sidewalk, crosswalk, and trailway, a curb cutout is an area, and part of a pathway or walkway, that is traversed by pedestrians, and to the extent that a full curb might be considered an obstacle to the flow of pedestrian traffic, the curb itself does not exist for purposes of a curb cutout. The goal in removing or not constructing sections of curb in areas where sidewalks abut roadways is to create obstacle-free, level walkways for pedestrians. Curb cutouts are specifically designed for pedestrian traffic and, contrary to the city's argument, they are not comparable to highway shoulders, which are neither designed nor intended for pedestrian travel, despite occasional use by pedestrians, often in emergency situations.[13] Moreover, we also find that the curb cutout qualified as a "sidewalk" for purposes of the general definition of "highway" and in relationship to the term's use in MCL 691.1402a(1).

"[A] sidewalk is a path for pedestrians along the side of a road." *Hatch v Grand Haven Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000).[14] We conclude that the curb

[13] The city argues that a "short curb" still exists in the curb cutout areas at issue, noting lines of demarcation that are generally present in the concrete. Even were we to use the terminology "short curb," it would not change our analysis, given that the area, regardless of its moniker, is designed and used for pedestrian traffic. As such, a "short curb" constitutes an "installation" for purposes of the former version of MCL 691.1402a, as it is similar to a sidewalk, crosswalk, and trailway.

[14] The Court cited with approval definitions of "sidewalk" set forth by this Court in *Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363, 367; 579 NW2d 374 (1998), which included "a path for pedestrians, usually paved, along the side of a street," a "walk or raised path for pedestrians," and "part of a public street or highway designed for the use of pedestrians." *Hatch*, 461 Mich at 462 (citations and quotation marks omitted). We note that with the enactment of 2012 PA 50, the Legislature specifically added a definition of "sidewalk," which provides that "sidewalk" means "a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel." MCL 691.1401(f), as amended by 2012 PA 50.

cutout where the alleged defects existed was part or an extension of the sidewalk, given that it constituted a path for pedestrians and was designed and intended to be used by pedestrians. The whole purpose behind curb cutouts is to facilitate pedestrian use "by persons with physical disabilities." MCL 125.1361. As indicated earlier, MCL 125.1361 provides that "[a]t points of intersection between pedestrian and motorized lines of travel, . . . a sidewalk shall slope gradually to street level so as to provide an uninterrupted line of travel." Absent a curb as mandated by MCL 125.1361, a sidewalk would naturally extend to the motorized line of travel, encompassing the area where the curb was formerly located or where it typically would be located. A curb cutout is conducive, and is intended to be conducive, to pedestrian travel, and it qualifies as part or an extension of the sidewalk.

Whether constituting a sidewalk or an installation, or a combination thereof, the curb cutout was indeed a portion of the county highway not designed for vehicular travel, thereby falling within the parameters of MCL 691.1402a(1).

With respect to whether the city knew or should have known about the alleged defects 30 days before the occurrence, whether the alleged defects were the proximate cause of plaintiff's injuries, and whether the statutory two-inch rule has any application, MCL 691.1402a(1) and (2), these are all matters outside the scope of this appeal and may be raised by the city in the trial court.

Affirmed. Having prevailed in full, plaintiff is awarded taxable costs pursuant to MCR 7.219.

HOEKSTRA and MURRAY, JJ., concurred with MURPHY, C.J.