# STATE OF MICHIGAN

# COURT OF APPEALS

JACKIE'S TRANSPORT, INC.,

       Plaintiff-Appellee,

v

UPRIGHT WRECKING & DEMOLITION,
L.L.C., GREGORY REED, and EDWARD J.
GUDEMAN,

       Defendants,

and

CITY OF HIGHLAND PARK,

       Defendant-Appellant.

UNPUBLISHED
June 14, 2016

No. 326169
Wayne Circuit Court
LC No. 14-006408-CK

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Defendant City of Highland Park (the City) appeals as of right the trial court's order denying its motion for summary disposition against plaintiff, Jackie's Transport, Inc., under MCR 2.116(C)(7). Because Jackie's Transport failed to plead an exception to governmental immunity, we reverse and remand.

## I. FACTUAL BACKGROUND

The City contracted with Upright Wrecking and Demolition, L.L.C., for demolition work. Upright subsequently entered into a verbal subcontract with Jackie's Transport, under which Jackie's Transport hauled debris from the houses that Upright demolished. Jackie's Transport and Upright later entered into an agreement that, when the City paid Upright, it would write the check out to Jackie's Transport and Upright jointly; the City was not part of this agreement. When the City issued its check, it issued it solely to Upright, which cashed the check and did not pay Jackie's Transport. Upright later filed for bankruptcy.

Jackie's Transport alleges in pertinent part that the City tortuously interfered with the contract between Jackie's Transport and Upright by failing to write the check out to Jackie's Transport and Upright jointly. The City filed a motion for summary disposition under MCR

-1-

2.116(C)(7), asserting that governmental immunity barred the claim. The trial court denied the motion without providing rationale. The City now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Hannay v Dep't of Trans*, 497 Mich 45, 58; 860 NW2d 67 (2014). A defendant is entitled to summary disposition if the plaintiff's claims are barred because of governmental immunity. MCR 2.116(C)(7). We review de novo the applicability of governmental immunity and the statutory exceptions to governmental immunity. *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

## III. ANALYSIS

The City contends that the trial court erred by failing to grant its motion for summary disposition on the basis of governmental immunity. We agree.

The governmental immunity act provides "broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function . . . ." MCL 691.1401 *et seq.*; *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984). Governmental functions are those that are expressly or impliedly either mandated or authorized by law. *Moraccini*, 296 Mich App at 392. A plaintiff may only sue a governmental entity in tort if the suit falls within one of the six statutory exceptions to governmental immunity. *Id*. We broadly construe the scope of governmental immunity and narrowly construe its exceptions. *Id*. When bringing suit against a governmental agency, it is the plaintiff's burden to plead the claim "in avoidance of governmental immunity." *Hannay*, 497 Mich at 58.

This case concerns the demolition of buildings. It does not involve highways, motor vehicles, public buildings, hospitals, or sewage disposal systems. See *Hannay*, 497 Mich at 60, n 34 (listing the exceptions to governmental immunity). That leaves only the proprietary function exception to possibly apply.

A proprietary function is an activity that is conducted "primarily for the purpose of producing a pecuniary profit *and* would not normally be supported by taxes or fees." *Harris v Univ of Michigan Bd of Regents*, 219 Mich App 679, 690; 558 NW2d 225 (1996). A proprietary function is therefore the opposite of a governmental function. *Id*. at 691. Activities conducted pursuant to constitutions, statutes, local charters, ordinances, or other laws are governmental functions. *Moraccini*, 296 Mich App at 392.

In this case, the Highland Park City Charter grants the City "power to prohibit and abate dilapidation . . . and all other conditions adversely affecting the . . . safety and welfare of the inhabitants of the city." Highland Park Charter, § 3-2. Accordingly, the City's actions in this case were governmental functions, and the proprietary exception does not apply. Because Jackie's Transport failed to plead in avoidance of governmental immunity, the City is entitled to

summary disposition under MCR 2.116(C)(7). We conclude that the trial court erred by failing to grant the City's motion.[1]

We reverse and remand for entry of summary disposition. We do not retain jurisdiction. As the prevailing party, the City may tax costs. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan

---

[1] At oral argument, plaintiff conceded it did not plead in its complaint an allegation in avoidance of governmental immunity.