*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS WILLIAMS,

UNPUBLISHED
February 13, 2025
10:35 AM

Plaintiff-Appellant,

v

No. 369609
Wayne Circuit Court
LC No. 22-013035-NO

CITY OF DETROIT,

Defendant-Appellee.

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this premises-liability case, plaintiff Douglas Williams appeals as of right the trial court's order granting defendant City of Detroit's motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (C)(10) (no dispute of material fact). For the reasons set forth, we reverse that order and remand to the trial court for further proceedings.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arose when plaintiff stopped at a liquor store to purchase a soft drink. Plaintiff parked on the side of Seven Mile Road in Detroit. As plaintiff left his car and stepped on the curb to get to the sidewalk, the curb crumbled beneath his left foot. Plaintiff fell, severely injuring the foot.

Plaintiff sued defendant, alleging that defendant failed to satisfy its duty to maintain the curb in a reasonably safe condition. Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that it was immune from liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Defendant argued that because Seven Mile Road is a county highway, Wayne County has jurisdiction over that highway and the corresponding duty to maintain the curb. Defendant alternatively argued that plaintiff did not provide evidence demonstrating that it had sufficient notice of the alleged defect and, in any event, the curb presumptively was maintained in reasonable repair at the time plaintiff was injured. Plaintiff responded that the curb was not a part of the highway, but rather a part of the sidewalk, which was within defendant's jurisdiction and duty to maintain.

The trial court granted defendant's motion for summary disposition, relying on *Sharp v City of Benton Harbor*, 292 Mich App 351, 358; 806 NW2d 760 (2011), where we determined that a curb was part of a highway. This appeal followed.

## II. SUMMARY DISPOSITION

Plaintiff argues that the trial court incorrectly relied on *Sharp* and, consequently, erred when it granted defendant's motion for summary disposition. We agree.

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by immunity granted by law." *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Id.* "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law for the trial court to decide." *Id.* at 146-147.

Summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Kahlil*, 504 Mich at 160. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted).

### B. ANALYSIS

Plaintiff argues that the trial court incorrectly relied on *Sharp* to conclude that the curb at issue was part of the highway and subject to the county's jurisdiction. Instead, plaintiff argues, the trial court should have concluded that the curb was part of the sidewalk and subject to defendant's jurisdiction. Defendant responds that the curb was part of the highway and, thus, under the jurisdiction of Wayne County. In the alternative, defendant argues, even if the curb was part of the sidewalk under the City of Detroit's jurisdiction, plaintiff failed to provide evidence demonstrating that defendant had notice of the alleged defect 30 days before plaintiff's fall as required by MCL 691.1402a(2), and that the alleged defect did not satisfy the statutory guidelines concerning disrepair under MCL 691.1402a(3).

### 1. HIGHWAY OR SIDEWALK

Under the GTLA, "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). With respect to liability under the GTLA, MCL 691.1402(1) states, in pertinent part:

Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . . Except as provided in [MCL 691.1402a] the duty of a governmental agency to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. . . .

MCL 691.1402a(1), in turn, provides that "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair."

MCL 691.1401 defines the terms "highway" and "sidewalk":

(c) "Highway" means a public highway, road, or street that is open for public travel. Highway includes a bridge, sidewalk, trailway, crosswalk, or culvert on the highway. Highway does not include an alley, tree, or utility pole.

* * *

(f) "Sidewalk", except as used in subdivision (c), means a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel.

"[A] 'sidewalk' is a path for pedestrians, usually paved, along the side of a street," or "a walk or raised path for pedestrians along the side of a road." *Stabley v Huron-Clinton Metro Park Auth*, 228 Mich App 363, 367; 579 NW2d 374 (1998) (quotation marks and citations omitted).

In *Sharp*, the decision relied upon by the trial court in this case, this Court concluded that "a curb abutting the street" was within the statutory definition of "highway." *Sharp*, 292 Mich App at 352, 356. This Court reasoned, in relevant part:

*Random House Webster's Unabridged Dictionary* (2d ed., 1998), p. 490, defines a curb as "a rim, esp. of joined stones or concrete, along a street or roadway, forming an edge for a sidewalk." Here, the curb travelled along the road and formed an edge for the road itself. Indisputably, passengers entering and exiting parked vehicles often step on curbs. Curbs routinely serve as the frames for travel on public roads and in this sense are integral components of a road. . . .

-3-

For the purpose of our construction of Michigan's governmental tort liability act, we recognize the limited precedential value inherent in decisions from other jurisdictions. Nonetheless, we find worth mentioning that the analyses in several decisions of other state courts express similar views of a curb's function in a highway system. "A curb separated from the sidewalk by a grass strip is a feature of the road, not the sidewalk." *Levin v Devoe*, 221 NJ Super 61, 65; 533 A2d 977 (1987). "The term 'street' certainly includes a raised curb on public property at the edge of a roadway." *Humphries v. Trustees of Methodist Episcopal Church of Cresco, Iowa*, 566 NW2d 869, 873 (Iowa, 1997). "A curb and gutter falls under the definition of '[h]ighway defects' or defects on 'other public grounds.' " *VanCleve v City of Marinette*, 2003 WI 2, ¶ 22, 258 Wis2d 80, 92; 655 NW2d 113 (2003), quoting Wis. Stat. 81.17. In *Skelly v Village of Port Chester*, 174 NYS2d 562, 563; 6 AD2d 717 (1958), New York's Supreme Court, Appellate Division, construed a municipal law requiring pre-suit notice of any injury sustained "in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed." The court opined that "it would require a strained and unrealistic construction or interpretation" of the municipal law "to hold that the curb, which was the dividing line between the part of the street or highway intended for vehicular traffic and the sidewalk, the part intended for the use of pedestrians, was not part of the highway, or part of the street, or part of the sidewalk." [*Id*. at 356-358 (cleaned up).][1]

However, in *Moraccini v City of Sterling Heights*, 296 Mich App 387; 822 NW2d 799 (2012), this Court concluded that a "curb cutout," i.e., a portion of the curb that was removed to be level with the street for ease of use "by persons with physical disabilities," constituted "part [of] or an extension of the sidewalk." *Id*. at 403 (quotation marks and citation omitted). "[W]e . . . find that the curb cutout qualified as a 'sidewalk' for purposes of the general definition of 'highway' and in relationship to the term's use in MCL 691.1402a(1)." *Id*. at 402.

In this case, we acknowledge that the trial court reasonably invoked *Sharp* as establishing a bright-line rule that curbs are part of a "highway," not a "sidewalk." However, after reviewing the photographs of the curb at issue, as well as the deposition testimony Amir Masood, who apparently was an engineering coordinator for defendant, we conclude that this particular curb is better characterized as part of the "sidewalk." As noted, *Stabley* defined the term "sidewalk" as essentially a "path for pedestrians." See *Stabley*, 228 Mich App at 367. The curb at issue was a series of raised concrete blocks at approximately the same level as the remainder of the sidewalk

---

[1] When *Sharp* was decided, the GTLA did not define the term "sidewalk." See 2001 PA 131. However, effective March 13, 2012, the GTLA was amended to define "sidewalk" as quoted above: " 'Sidewalk', except as used in subdivision (c), means a paved public sidewalk intended for pedestrian use situated outside of and adjacent to the improved portion of a highway designed for vehicular travel." See 2012 PA 50. That definition is consistent with the dictionary definitions cited by *Stabley*.

-4-

and, furthermore, was at a 90-degree angle to the street itself. Moreover, the concrete blocks appear to be about two feet wide, if not more. We discern little reason why a pedestrian could not, or would not, use the curb at issue for walking in the same manner as the remainder of the sidewalk. Indeed, Masood agreed during his deposition that the curb at issue, which he characterizes as an "integral curb," was "contiguous with the sidewalk."

*Sharp* did not clearly define the "curb" at issue in that case. However, *Sharp* did explain that the curb was separated from the sidewalk itself by a "grass verge." *Sharp*, 292 Mich App at 352. Moreover, the out-of-state quotations relied upon by *Sharp*, such as the references to "[a] curb and gutter" and "[a] curb separated from the sidewalk by a grass strip," *id*. at 357 (quotation marks and citation omitted), strongly imply that the curb at issue in that case either was a sloped curb or a narrow 90-degree curb intended only to separate the drivable highway from the non-drivable grass. In either instance, the curb in *Sharp* would not be understood as a "path for pedestrians." See *Stabley*, 228 Mich App at 367. That is, a pedestrian would not reasonably use a sloped curb or a narrow 90-degree curb at the edge of a highway as a pathway for walking. Here, in contrast, the curb at issue flows nearly seamless with the remainder of the sidewalk and thus should be considered part of the "sidewalk" itself.

For these reasons, we conclude that the curb at issue was part of the "sidewalk." Therefore, defendant may be liable for the failure to maintain it in reasonable repair, MCL 691.1402(1), unless MCL 691.1402a provides otherwise. See *Robinson v City of Lansing*, 486 Mich 1, 12-13; 782 NW2d 171 (2010) ("MCL 691.1402(1) imposes liability on municipalities for injuries resulting from defective sidewalks, i.e., sidewalks that the municipality has failed to maintain in reasonable repair. . . . However, MCL 691.1402a limits this liability . . . .").[2]

## 2. NOTICE

Defendant alternatively argues, as it did in the trial court, that even if the curb was part of the sidewalk, the trial court nonetheless did not err by granting summary disposition in its favor because plaintiff failed to provide evidence demonstrating that it had notice of the alleged defect 30 days before plaintiff's fall as required by MCL 691.1402a(2). Defendant further argues that the alleged defect did not satisfy the statutory guidelines concerning disrepair under MCL 691.1402a(3)—particularly MCL 691.1402a(3)(a), which provides that a sidewalk is presumed to be in reasonable repair unless the alleged defect presents "[a] vertical discontinuity defect of 2 inches or more in the sidewalk." Plaintiff responded in the trial court that defendant itself conducted a survey in 2019 indicating that the slab of concrete on which he fell, as well as several other slabs in the immediate vicinity, needed to be replaced. According to plaintiff, the existence of this survey shows both that defendant had notice of the defect for more than 30 days and that the sidewalk was in disrepair.

MCL 691.1402a provides, in relevant part:

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of

---

[2] See also 2012 PA 50.

the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

The trial court did not rule on these arguments, given its conclusion that the curb at issue was part of the highway. Moreover, plaintiff did not respond to these arguments in this Court. Therefore, we decline to rule on these arguments in the first instance, and remand to the trial court for further proceedings addressing these arguments.[3]

## III. CONCLUSION

The curb at issue was part of the sidewalk, not the highway, and therefore defendant may have liability for its alleged disrepair under MCL 691.1402a(1). To the extent that the trial court ruled otherwise, we reverse its order granting summary disposition in favor of defendant. However, as the trial court did not rule on the alternative arguments presented by defendant regarding MCL 691.1402a(2) and (3), we remand to that court for further proceedings to address those arguments.

Reversed and remanded. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

---

[3] Defendant acknowledged during oral argument in this Court that the record is unclear as to whether the alleged defect presented a vertical discontinuity of two inches or more. Thus, the record is insufficient for us to render a decision on that question.