# STATE OF MICHIGAN

# COURT OF APPEALS

STEVIE HILL,

   Plaintiff-Appellee,

v

CITY OF FLINT,

   Defendant-Appellant.

UNPUBLISHED
March 28, 2017

No. 330003
Genesee Circuit Court
LC No. 15-105363-NO

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant City of Flint (the city) appeals as of right an order denying its motion for summary disposition under MCR 2.116(C)(7) in this trip-and-fall action commenced under the highway exception to governmental immunity, MCL 691.1402. We affirm.

Plaintiff alleged that he caught his foot in a deep hole while walking in an area adjacent to a city sidewalk, causing him to fall and sustain injuries. EMS personnel responded and transported plaintiff to the hospital for treatment. Plaintiff subsequently served a notice on the city in an effort to comply with MCL 691.1404(1),[1] and in the notice, with respect to describing the injuries sustained in the fall, plaintiff stated that he "suffered injuries to his right knee, right leg, right ankle, and left shoulder." The notice, with respect to naming the known witnesses, provided that the witnesses included, in part, "responding EMS personnel[] and treaters at Hurley Hospital." Plaintiff later filed suit against the city pursuant to the highway exception to governmental immunity. And the trial court subsequently denied the city's motion for summary disposition, in which the city maintained that plaintiff failed to satisfy the requirement in MCL

---

[1] MCL 691.1404(1) provides:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. *The notice shall specify* the exact location and nature of the defect*, the injury sustained* and the names of the witnesses known at the time by the claimant. [Emphasis added.]

691.1404(1) that he provide notice of the "injury sustained." Relative to the city's argument, the trial court found that the notice substantially complied with MCL 691.1404(1). The city appeals as of right.

In *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012), this Court recited the applicable standards regarding a motion for summary disposition predicated on MCR 2.116(C)(7) and governmental immunity, stating:

> This Court reviews de novo a trial court's decision on a motion for summary disposition. The applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal. MCR 2.116(C)(7) provides for summary disposition when a claim is "barred because of . . . immunity granted by law . . . ." The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7). If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. But when a relevant factual dispute does exist, summary disposition is not appropriate. [Citations and internal quotation marks omitted; omissions in original.]

For purposes of MCL 691.1404(1), "[a]n injured person is required to timely notify the governmental agency having jurisdiction over the roadway of the occurrence of the injury, the injury sustained, the nature of the defect, and the names of known witnesses." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013) (citations omitted). And "[f]ailure to provide adequate notice under [MCL 691.1404(1)] is fatal to a plaintiff's claim against a government agency." *Id.* (citation omitted).[2] In *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), this Court acknowledged, reviewed, and applied caselaw interpreting MCL 691.1404(1), observing:

> The Michigan Supreme Court has established that MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect and must be enforced as written. However, when notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention. Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert

---

[2] The *McLean* panel rejected as inadequate a notice that simply indicated that the plaintiff had sustained "significant injuries." *McLean*, 302 Mich App at 77-78. *McLean* is distinguishable, given that the plaintiff there failed to even supply any information concerning the location of her injuries.

layman for some technical defect. The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured.

The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. A notice should not be held ineffective when in *substantial compliance* with the law. A plaintiff's description of the nature of the defect may be deemed to substantially comply with the statute when coupled with the specific description of the location, time and nature of injuries. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects. [Citations, quotation marks, alterations, and ellipses omitted.]

" 'In determining the sufficiency of the notice . . . *the whole notice and all of the facts stated therein may be used and be considered* to determine whether it reasonably apprises the officer upon whom it is required to be served of the place and the cause of the alleged injury.' " *Plunkett*, 286 Mich App at 177 n 15 (citation omitted; emphasis added; omission in original).

In this case, the notice revealed that plaintiff got "his foot caught in a deep hole at the corner of Wallenberg and he fell." Plaintiff attached a photograph of the alleged defect to the notice. And as indicated earlier, the notice provided that plaintiff "suffered injuries to his right knee, right leg, right ankle, and left shoulder." Also, the notice made clear that EMS responded to the accident and that plaintiff was treated at the hospital. Given the nature of the alleged defect and description of the accident, which certainly provided some insight regarding the type of injuries that one would expect to occur under such circumstances, considering the specific identification of each of the claimed injured body parts, and appreciating that EMS responded and that plaintiff was treated at the hospital, all of which matters can be considered together in ascertaining the adequacy of the notice regarding the "injury sustained," we conclude that plaintiff substantially complied with the requirements of MCL 691.1404(1). Further, there is no dispute that the notice was sufficient with respect to specifying the nature of the defect and its exact location and in regard to naming known witnesses. Keeping in mind that a liberal construction of the notice requirements is favored, we hold that the trial court did not err in denying the city's motion for summary disposition. Although a more specific description could have been provided, *viewing the notice as a whole*, we conclude that the notice substantially complied with MCL 691.1404(1).

Affirmed. Having fully prevailed on appeal, plaintiff is awarded taxable costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-3-