*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LASHAWN MCCOLOR, Individually and as Next
Friend of MEKAIA MOORE, Minor,

UNPUBLISHED
December 22, 2022

Plaintiff-Appellant,

v

No. 358329
Wayne Circuit Court
LC No. 21-005163-NO

BENJAMIN CORDOBA, doing business as
EMPIRE CORDOBA and CORDOBA EMPIRE
LLC,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, LaShawn McColor, individually and as next friend of Mekaia Moore, a minor, appeals as of right the order granting summary disposition in favor of defendant. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

This case arises from the presence of mold at a rental property where McColor resided. Cordoba Empire, LLC, appears to own the rental property. McColor entered into a month-to-month lease agreement with Cordoba Empire, LLC, and took possession of the rental property in December 2018. McColor's daughter, Mekaia Moore, also lived at the rental property. Sometime between December 2018, and August 2019, McColor raised concerns regarding mold in the rental property. Defendant hired a third-party contractor to inspect the rental property. The contractor concluded that elevated mold conditions existed and recommended professional mold remediation. Defendant asserted that he hired a third-party contractor to remediate any potential mold growth; however, there is no record of this remediation in the lower court record.

McColor filed a complaint asserting a negligence claim for injuries caused by mold in the rental property. In lieu of filing an answer, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(8). Defendant argued that McColor had signed a waiver releasing defendant from all claims arising out of the growth or presence of mold at the rental property and that

-1-

McColor failed to plead sufficient facts to state a claim for piercing the corporate veil against defendant. To support the motion, defendant attached the second lease agreement containing the waiver allegedly with McColor's signature. The second lease agreement contained the following waiver or release: "Any mold has been treated. Landlord is released from any liability claims pertaining to toxic mold." In response, McColor asserted that there was a question of fact as to whether she signed the second lease containing the waiver. In support, she submitted an affidavit stating: (1) the signature on the second lease was not her signature; and (2) she did not see the second lease until it was attached to defendant's motion to dismiss.[1] Defendant replied, arguing that there was no genuine issue of material fact that McColor executed a new lease on August 8, 2019. He contended that McColor signed a lead paint disclosure, which he contended would only be signed "when a new lease is executed." He also submitted affidavits averring that he and an independent contractor were present when McColor signed the second lease agreement and that they witnessed her sign it.

> During a hearing on the motion for summary disposition, the trial court determined:
>
> [T]here's no question on this record there was both an express relinquishment of the right and inference based on the fact that [McColor] continued to reside in the property. Clearly [McColor] elected to renew the lease and to sign the waiver release acknowledging that all mold had been remediated. . . . [McColor] has also acknowledged and executed a second Lease stating that the mold had been treated. The landlord was released from any liability claims pertaining to toxic mold. And here, the text is unambiguous[.] . . . Therefore, the . . . waive[r] was a known right in consideration of continuing to reside at the property[.] . . . [T]his Court finds that [McColor] did execute a valid Waiver of Release, and that that release was fair. . . . So, the Court is going to grant the motion for summary disposition.

The court also determined McColor failed to plead specific facts to state a claim for piercing the corporate veil against defendant, so it also granted summary disposition under MCR 2.116(C)(8).

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

McColor argues that the trial court erred by granting summary disposition under MCR 2.116(C)(7) and (C)(8). We review de novo a trial court's decision to grant summary disposition. *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). "When reviewing a motion

---

[1] McColor further asserted the second lease is invalid because: (1) the waiver or release is unenforceable under MCL 554.633 (prohibiting the inclusion of a provision in a rental agreement waving or altering a remedy available to the tenant); and (2) the second lease violated MCL 554.634, which is contained in the Truth In Renting Act, MCL 554.631 *et seq.*, because the second lease had no address "at which notice required" under the Truth in Renting Act shall be given to lessor, nor did it contain the required statutory language mandated under MCL 554.634. Although she does not raise an issue related to the validity of the release agreement on appeal, she is not precluded from addressing this argument in later proceedings before the trial court.

under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (quotation marks and citations omitted). Summary disposition under MCR 2.116(C)(7) is not appropriate if a factual dispute exists. *Id.* A genuine issue of material fact exists "when reasonable minds can differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(8) may only be granted "where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citation omitted).

B. ANALYSIS

1. CLAIM BARRED BY RELEASE

In defendant's motion for summary disposition, defendant presented documentary evidence that McColor signed a second lease agreement, including affidavits indicating that he and an independent contractor witnessed McColor affix her signature to the agreement. Yet, McColor presented documentary evidence that the signature on the second lease agreement was a forgery. In an affidavit, she averred that she saw the agreement for the first time after it was attached to defendant's motion for summary disposition. She stated that she had never signed the agreement. She pointed out that she had signed a lead paint disclosure statement. Finally, she presented evidence that there were noticeable differences between her true signature on the lead paint disclosure statement and her alleged signature on the second lease agreement. Viewing these facts in the light most favorable to McColor, there was a genuine question of fact as to whether McColor signed the second lease agreement. Consequently, the trial court erred by granting summary disposition under MCR 2.116(C)(7). See *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020) (stating that when reviewing a motion for summary disposition, the trial court may not make factual findings, weigh credibility, or resolve factual disputes).[2]

---

[2] The trial court reasoned that McColor's affidavit was insufficient to create a question of fact. We disagree. First, when ruling on a motion for summary disposition under MCR 2.116(C)(7), the court is required to consider affidavits submitted by the parties. MCR 2.116(G)(5). Second, McColor's affidavit was not defective. Indeed, an affidavit that is "made on the basis of personal

## 2. FAILURE TO STATE A CLAIM

The trial court granted summary disposition in favor of defendant under MCR 2.116(C)(8) because McColor failed to have pleaded allegations to support piercing the corporate veil. MCR 2.116(I)(5) states: "If the grounds [supporting summary disposition] are based on subrule (C)(8), (9), or (10), the court *shall* give the parties an opportunity to amend their pleadings as provided in MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." (Emphasis added.) The term "shall" denotes mandatory, rather than a discretionary action. *Manuel v Gill*, 481 Mich 637, 647; 753 NW2d 48 (2008). We conclude that the trial court should have given McColor an opportunity to amend her complaint to correct identified deficiencies. No discovery has been conducted regarding whether defendant could be held personally liable. However, even in the absence of such information, the complaint could be amended to name defendant's LLC as a separate defendant. Thus, amendment of the complaint to correct the deficiencies is justified and summary disposition was not warranted under MCR 2.116(C)(8).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. McColor may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan

---

knowledge" and that "set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the motion" can be used to "help the court determine whether an issue of fact exists." *SSC Assoc Ltd Partnership v Gen Retirement Sys of the City of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991). McColor's affidavit was made on the basis of personal knowledge and set forth facts with particularity to dispute defendant's position. The trial court erred by assessing McColor's credibility and discounting her affidavit.