*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY ARNOLD,

UNPUBLISHED
May 16, 2024

        Plaintiff-Appellant,

and

No. 366368
Wayne Circuit Court
LC No. 20-014518-NI

NORTH WEST LABS, INC.,

        Intervening Plaintiff,

v

CITY OF DETROIT,

        Defendant-Appellee,

and

JOHN DOE,

        Defendant.

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

In this first-party and third-party no-fault action, plaintiff, Anthony Arnold, challenges the trial court's order granting summary disposition to defendant, the city of Detroit ("the City"), under MCR 2.116(C)(7) and MCR 2.116(C)(8). We reverse the portion of the order granting summary disposition under MCR 2.116(C)(7) and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

Arnold alleges that on November 6, 2019, he was visiting his child at the residence of the child's mother on Evergreen Road. At some time between 10:20 p.m. and 10:38 p.m., Arnold

-1-

went to retrieve a diaper bag from the mother's vehicle, which was parked facing north on Evergreen Road. Arnold entered the vehicle through the driver's side door, closed the door, and sat in the driver's seat as he reached for the diaper bag in the vehicle's backseat. Before opening the door to exit the vehicle, Arnold looked behind the vehicle, and in the rearview mirror, and did not observe any oncoming traffic. When Arnold opened the driver's side door to exit the vehicle, however, a bus owned by the City and traveling north on Evergreen Road struck the driver's door of the vehicle, causing injuries to Arnold. He alleges that after the collision, the bus driver pulled in front of the vehicle for 30 seconds before driving away. Arnold was able to identify the bus as Detroit Department of Transportation (DDOT) cab number 1027. Arnold contacted the Detroit Police Department the next day and filed a report regarding the accident.

Arnold filed a complaint against the City and John Doe, the alleged bus driver and a DDOT employee. Arnold alleged three counts: (1) personal injury protection (PIP) benefits against the City; (2) bodily injury liability against Doe; and (3) owner liability against the City. The City filed an answer to Arnold's complaint denying, or neither admitting nor denying, the substantive allegations in the complaint. Relevant to this appeal, the City raised as an affirmative defense that Arnold failed to state a claim under any exception to the City's governmental immunity provided by the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*[1]

Doe was later deposed and testified that he was employed as a bus driver for the City and assigned to a route that traversed Evergreen Road. He believed he worked the afternoon shift on the date of the alleged accident but was not certain. Doe denied (1) that he was involved in an accident that day, (2) that he had ever come into contact with a car door on Evergreen Road, and (3) that his bus was ever damaged in 2019.

The City filed a motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law),[2] arguing it was entitled to summary disposition because Arnold's claims were barred by the GTLA. The City argued that (1) Arnold failed to allege facts of Doe's negligence to support a cause of action under the motor vehicle exception to the GTLA, and (2) the accident was the result of Arnold opening a car door into traffic in violation of MCL 257.676b (prohibiting interference with the normal flow of vehicular or pedestrian traffic) and Detroit City Code, § 55-1-7 (prohibiting opening vehicle doors so as to impede traffic). Therefore, the City argued, it was immune from tort liability under the GTLA, and Arnold failed to allege facts supporting an exception to its governmental immunity.

In response, Arnold argued that under MCL 691.1405, a government agency is not immune from liability for bodily injury or property damage resulting from the negligent operation of a

---

[1] The GTLA states, in relevant part, that a governmental agency is generally immune from tort liability if the agency is engaged in the exercise or discharge of a governmental function, unless the injury is proximately caused by an employee's gross negligence. MCL 691.1407(1) and (2)(c).

[2] The City also filed a motion for summary disposition under MCR 2.116(C)(8) (failure to state a claim) with respect to Arnold's PIP claim, arguing it was not the appropriate insurer against whom to pursue PIP benefits. The trial court granted the City's motion under MCR 2.116(C)(8). Arnold does not challenge this on appeal.

motor vehicle by an agency employee. Arnold further argued that the City did not offer any evidence showing that Doe was not negligent, whereas Arnold's own deposition testimony established that Doe negligently struck the vehicle. Therefore, according to Arnold, the City failed to establish entitlement to summary disposition under MCR 2.116(C)(7).

The City's reply provided a photo of the area of the accident taken from Google Maps, which purportedly demonstrated that Evergreen Road was not a wide street. The City argued that Arnold was, therefore, required to take care to ensure the road was clear before opening the car door. The City further argued that, by Arnold's own testimony, he did not look before opening the car door into traffic and thus caused the accident.[3]

The trial court ruled that the City was entitled to summary disposition under MCR 2.116(C)(7) as to Arnold's bodily injury and owner liability claims. It reasoned that Arnold failed to present any testimony or documentary evidence refuting his own negligence or setting forth a basis for the City's or Doe's negligence as required to defeat the City's immunity under the GTLA.[4] Arnold now appeals.

## II. ANALYSIS

Arnold first argues that the trial court erred by granting the City's motion under MCR 2.116(C)(7) because he established a genuine issue of material fact regarding whether Doe operated the bus in a negligent manner. We agree.

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "Further, the determination regarding the applicability of governmental immunity and a statutory exception to governmental immunity is a question of law that is also subject to review de novo." *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

Summary disposition is appropriate under MCR 2.116(C)(7) when a defendant is entitled to immunity granted by law. *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Id*. "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence" and the trial court is required to consider such material if submitted. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A party opposing a motion under MCR 2.116(C)(7) "need not reply with supportive material." *Maiden*, 461 Mich at 119. "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law for the trial court to decide."

---

[3] Arnold testified, in fact, that before he opened the car door to exit the vehicle, he looked behind the vehicle and in the rearview mirror for oncoming traffic and saw none.

[4] As noted, the trial court also summarily dismissed Arnold's remaining PIP claim under MCR 2.116(C)(8).

*Norman*, 338 Mich App at 146-147. "The trial court properly grants a motion for summary disposition under MCR 2.116(C)(7) when the undisputed facts establish that the moving party is entitled to immunity granted by law." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008).

"Except as otherwise provided, the government tort liability act . . . broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Further,

> [t]he existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency. A governmental agency can be held liable under the GTLA only if a case falls into one of the enumerated statutory exceptions. An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a government function. [*Id*. at 391-392 (quotation marks and citations omitted).]

Among the six exceptions to governmental immunity enumerated in the GTLA is the motor vehicle exception, MCL 691.1405, which states: "Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by an officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

At issue is whether Doe operated the vehicle in a negligent manner such that the motor vehicle exception to governmental immunity under the GTLA applies. On the facts presented to us, we hold the trial court erred by granting the City's motion for summary disposition under MCR 2.116(C)(7) because, when viewing the facts in the light most favorable to Arnold as the nonmoving party, his factual allegations establish a question of fact regarding whether Doe negligently operated the bus, and thus, whether the motor vehicle exception to the GTLA applies. Arnold alleged in his complaint that Doe breached his duty of care by, among other things: (1) operating the bus without having it under constant control; (2) failing to properly observe the presence of other people on the road and failing to take timely and appropriate action to avoid a collision; (3) operating the bus in a careless and heedless manner without due regard for Arnold's rights and safety; (4) failing to maintain the horn, brakes, or other equipment of the bus in good working order or failing to sound the horn or apply the brakes as necessary to avoid a collision; and (5) operating the bus in excess of the speed limit. Arnold also alleged that Doe's negligence was the proximate cause of his injuries.

In its motion for summary disposition, the City presented the following documentary evidence: (1) the summons and complaint filed by Arnold; (2) a complaint filed by intervening plaintiff North West Labs, Inc. (North West); (3) a traffic crash report; (4) Arnold's deposition testimony; and (5) this Court's opinion in *Parkman v Enterprise Leasing Co of Detroit LLC*, unpublished per curiam opinion of the Court of Appeals, issued December 28, 2017 (Docket No. 335240). In its reply brief, the City added (1) a photo of Evergreen Road purportedly demonstrating that it was "not a wide boulevard" and that Arnold failed to take care to observe whether a vehicle was approaching before opening the car door; (2) the summary disposition

scheduling order; and (3) a December 16, 2019 letter from Arnold's counsel to the City requesting preservation of video footage from the bus involved in the collision. With the possible exception of the photo of Evergreen Road,[5] none of the documentary evidence presented by the City disputed Arnold's factual allegation that Doe's negligence was the proximate cause of his injuries.[6] The trial court, therefore, erred by granting summary disposition to the City. Specifically, summary disposition is properly granted under MCR 2.116(C)(7) "when the undisputed facts establish that the moving party is entitled to immunity granted by law," *Allen*, 281 Mich App at 52, and a factual dispute exists here as to whether the motor vehicle exception to the GTLA applies.

The City argues, and the trial court found, that it was entitled to summary disposition under MCR 2.116(C)(7) because Arnold failed to present evidence refuting his own negligence or setting forth a basis for negligence on the part of the City or Doe. But whether Arnold presented evidence in this manner is irrelevant to whether the City was entitled to summary disposition on the basis of governmental immunity. The relevant inquiry for a trial court reviewing a motion under MCR 2.116(C)(7) is whether, accepting all of the plaintiff's well-pleaded and undisputed factual allegations as true, the defendant is entitled to immunity granted by law. *Norman*, 338 Mich App at 146. Here, notwithstanding the City's supporting documentary evidence, a factual dispute exists as to whether Doe negligently operated the bus and, therefore, whether an exception to immunity under the GTLA applies. The City also argues that this case is controlled by *Parkman*. The City's motion for summary disposition and its brief on appeal both cite *Parkman*, unpub op at 4, to support the proposition that Arnold "has alleged no facts to support a claim that Defendant City was negligent." Under MCR 7.215(C)(1), unpublished opinions are not binding under the rule of stare decisis, although they may be considered for their instructive or persuasive value. *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

In any event, *Parkman* is distinguishable from this case. In *Parkman*, the plaintiff alleged in her complaint that the defendant negligently swerved into the plaintiff's parked vehicle as she was opening her car door, but the defendant driver's unrebutted testimony was that he was driving straight ahead and had not entered the parking lane when the plaintiff opened her car door and hit his vehicle. *Parkman*, unpub op at 2. The only evidence presented by the plaintiff were photographs of her vehicle, her own testimony,, and the defendant driver's testimony. *Id*. This Court held that the trial court erred by denying the defendant's motion for summary disposition under MCR 2.116(C)(7) because (1) the defendant presented evidence disputing the plaintiff's

---

[5] This image countered Arnold's deposition testimony that there is room on Evergreen Road for parked vehicles to open their car doors and that Doe was driving too close to the vehicle when the collision occurred. But this image did not dispute the various allegations of Doe's negligence in Arnold's complaint unrelated to the road's width.

[6] We note that Doe's deposition testimony, specifically his assertion that the alleged accident did not occur, would dispute Arnold's well-pleaded factual allegations as to Doe's negligence. However, our standard of review requires the trial court to accept all of Arnold's well-pleaded factual allegations as true and construe them in favor of Arnold "unless disputed by documentary evidence *submitted by the moving party*." *Norman*, 333 Mich App at 146 (emphasis added). The City did not submit Doe's testimony in support of its motion for summary disposition; rather, it was submitted by Arnold in his response to the City's motion.

well-pleaded factual allegations and (2) the plaintiff failed to present evidence supporting her allegation that the defendant driver negligently swerved into her parked vehicle. *Id*. at 4. These facts are distinguishable from the instant case because here, the City never presented documentary evidence disputing Arnold's well-pleaded factual allegations of Doe's negligence.

Arnold lastly argues a reasonable juror could conclude from his testimony that Doe was negligent, and that photos of the vehicle and the traffic crash report support his testimony that Doe was negligent. Because "this Court's review of a trial court's decision on a motion for summary disposition is limited to the evidence that was presented to the court at the time the motion was decided," *Karaus v Bank of New York Mellon*, 300 Mich App 9, 15 n 2; 831 NW2d 897 (2012), we do not consider the photos of the car door first submitted by Arnold as an exhibit to his motion for reconsideration.

We hold Arnold pleaded sufficient facts to create a question of fact as to whether Doe negligently operated the bus, and the City failed to present documentary evidence disputing those facts. The City, therefore, failed to establish entitlement to immunity under the GTLA, and the trial court erred by granting its motion for summary disposition under MCR 2.116(C)(7).

## III. CONCLUSION

We reverse the portion of the trial court's order granting summary disposition under MCR 2.116(C)(7) and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Adrienne N. Young